(June 19, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELADIO PALACIO, Respondent.—Order, Supreme Court, Bronx County (David Levy, J.), entered January 3, 1986, which, *inter alia,* suppressed physical evidence recovered from the defendant, unanimously modified, on the law and the facts, to the extent of reversing that part of the order which suppressed the physical evidence, and otherwise affirmed, and the case remanded to the trial court for further proceedings.

The testimony of the complaining witness and the arresting officer at the omnibus suppression hearing clearly establish that there was probable cause to support the arrest of the defendant and the subsequent seizure of physical evidence from his person.

The victim, Milton Trabal, was stopped on a Bronx street by defendant and his accomplice, who pulled up in a green Oldsmobile, exited the car and pointed a .38 caliber pistol and a shotgun at him and ordered him inside the car. They drove around for several minutes and then parked the car and proceeded to rob the victim of his cash and jewelry, including a distinctive gold chain crucifix. Despite defendant's fumbling attempts to conceal his face with a handkerchief, Trabal was able to thoroughly view him.

The following month, Detective Thomas Gallagher of the Robbery Squad was assigned to investigate a pattern of robberies involving two male Hispanics, one armed with a shotgun and the other with a handgun, using a green automobile. Detective Gallagher interviewed one Benjamin Ortiz, another victim of a robbery fitting this pattern, who had earlier refused to identify the defendant in a lineup and chose not to press charges. Mr. Ortiz told the detective that, in fact, he did recognize defendant in the lineup and knew his home address and that he "hung out" at the ABC grocery store at 182nd Street and Crotona Avenue.

This information was confirmed by Trabal, who in an inter-

view told the detective that prior to the robbery he had seen one of the men who robbed him in the vicinity of the ABC grocery on 182nd Street and Crotona Avenue.

Thereafter, Detective Gallagher prepared a photo array including defendant's photograph and photographs of other individuals with similar features. The detective showed this array to Mr. Trabal, who pointed at the picture of the defendant and exclaimed "that looks like the guy that robbed me".

Subsequently, Detective Gallagher and his partner proceeded to defendant's home and waited for him. When defendant left the building and walked up towards the ABC grocery, the detectives followed him into the store and arrested him. The detectives recovered from his possession a gold chain crucifix, which was later identified by Mr. Trabal as the one that had been taken from him.

The hearing court (David Levy, J.) concluded, based on these factual findings, "that the arrest was without probable cause since the complainant could only say at the time that the person whose photograph he viewed 'looked like' the person who robbed him." Accordingly, the hearing court suppressed the gold chain crucifix recovered from the defendant as the fruit of an illegal arrest.

On the facts here present it was clearly error for the hearing court to make a finding of "no probable cause". That the complaining witness exclaimed that the photo "looked like" the defendant instead of using a different choice of words is of no consequence. Of far greater significance is the fact that his identification of the photo was immediate and unequivocal. In making its qualified distinction of the phrase "looks like", the hearing court engaged in insupportable semantic legerdemain.

The witness's identification of the defendant's photo from the array was alone sufficient to establish probable cause for the arrest (see, e.g., People v Rhodes, 111 AD2d 194; People v Brewster, 100 AD2d 134, 141, affd 63 NY2d 419). Together with the totality of the information available to Detective Gallagher, including defendant's name, address and hangout, from another victim of a robbery with the same distinctive modus operandi, which was confirmed by Trabal, who had previously seen defendant in the neighborhood, it appeared probable that a crime had been committed and that the one arrested was its perpetrator. (E.g., People v Carrasquillo, 54 NY2d 248, 254.)

As there was clearly probable cause for the arrest, the court

should not have suppressed the physical evidence recovered from the defendant.

Since the People have limited their appeal to this issue, we do not pass on the other issues addressed by the suppression court. Accordingly, we modify the order to reverse the suppression of the physical evidence and remand the matter to the trial court for further proceedings. Concur—Murphy, P. J., Ross, Rosenberger, Ellerin and Wallach, JJ.