■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BUSSEY, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Queens County (Clabby, J.), all rendered September 7, 1984, convicting him of robbery in the second degree (three counts; one each under indictments Nos. 3289/83, 3290/83 and 3347/83) and grand larceny in the second degree (under indictment No. 3291/83), upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made to police officers and another law enforcement official.

Ordered that the judgments are reversed, on the facts, the pleas are vacated, that branch of the defendant's omnibus motion which was to suppress statements made by him is granted, and the case is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The evidence adduced at the suppression hearing reveals that Police Officer DeRosa and his partner arrested the defendant on the grand larceny charge under indictment No. 3290/83 during the afternoon of September 14, 1983. They brought the defendant to the 106th Precinct, where Officer DeRosa advised him of his *Miranda* rights. No statements were taken at that time.

The defendant was thereafter removed to the 109th Precinct where the police conducted a series of lineups. Detective Ehrmann met with the defendant that evening. He identified himself to the defendant and again advised him of his *Miranda* rights. He informed the defendant that he was investigating a series of robberies and asked whether the defendant would be willing to answer questions about the robberies without an attorney present. The defendant responded in the affirmative. Detective Ehrmann then told the defendant to consider his decision and placed him in a detention cell. Shortly thereafter Detective Ehrmann returned to the cell and brought the defendant to another room. He asked whether the defendant had further considered his decision. The defendant again expressed his willingness to answer questions and then made a series of inculpatory statements.

Detective Ehrmann subsequently informed Police Officer D'Aloia that the defendant had made statements to him concerning a number of robberies. Officer D'Aloia interviewed the defendant at approximately 1:00 A.M. on September 15, 1983. The defendant elaborated on the previous statements made to Detective Ehrmann. At approximately 3:00 A.M., he made a videotaped statement to Assistant District Attorney Pruszynski.

The hearing court found that the defendant had not, as he claimed, invoked his right to counsel when initially advised of his *Miranda* rights by Officer DeRosa, and that he knowingly and voluntarily waived his rights prior to making any statements. The court, therefore, denied that branch of the defendant's omnibus motion which was to suppress the inculpatory statements made to Detective Ehrmann, Officer D'Aloia and Assistant District Attorney Pruszynski.

The findings of the hearing court with respect to the defendant's purported failure to invoke his right to counsel are without factual support in the record. The record clearly establishes that Officer DeRosa asked whether the defendant was willing to answer questions without an attorney present, and that the defendant replied in the negative, thus invoking

his right to counsel *(see, People v Carmine A.,* 53 NY2d 816). Once invoked, the right may not be waived outside the presence of counsel and any statements made by the defendant must be suppressed unless they are in fact spontaneous *(People v Cunningham,* 49 NY2d 203). Here, the statements may not be deemed spontaneous *(cf., People v Tyler,* 99 AD2d 537). Accordingly, the court erred in failing to suppress the statements. We, therefore, reverse the judgment of conviction in view of the defendant's decision to plead guilty following the erroneous denial of suppression *(see, People v Grant,* 45 NY2d 366, 379-380).

We have examined the remainder of the defendant's contentions on appeal and find them to be without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.