■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO MASON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered June 9, 1983, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress testimony concerning photographic and lineup identification procedures.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecution's failure to preserve the photographic array from which the complaining witnesses identified the defendant did not render the identification impermissibly suggestive where the array contained some 50 photos which had not been compiled specifically for this case. Ordinarily, it is incumbent upon the People to preserve a photo array so that a court may determine whether the procedure employed was unduly suggestive (see, People v Jerome, 111 AD2d 874, lv denied 66 NY2d 764; People v Barber, 96 AD2d 1112; People v Foti, 83 AD2d 641). How-

ever, it is by now well established that when a photographic identification procedure involves showing a witness a preexisting file consisting of a large number of photographs, the "sheer volume and scope of [the] procedure militates against the presence of suggestiveness" *(People v Jerome, supra,* at 874; *see also, People v Ludwigsen,* 128 AD2d 810, *lv denied* 69 NY2d 1006).

Furthermore, the record supports the hearing court's conclusion that the pretrial lineup procedure was not unduly suggestive *(see, People v Rodriguez,* 64 NY2d 738). There is no requirement that a defendant in a lineup must be surrounded by people nearly identical in appearance *(see, United States v Reid,* 517 F2d 953; *People v Mattocks,* 133 AD2d 89, *lv denied* 70 NY2d 801; *People v Rodriguez,* 124 AD2d 611), and, in the instant case, an examination of the lineup photograph reveals no discernable differences in the age, height, skin tone, or body type of the defendant and 4 of the 5 stand-ins of such a nature as to create a substantial likelihood that the defendant would be singled out for identification *(see, Neil v Biggers,* 409 US 188).

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.