■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ESQUILLIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered October 29, 1985, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant twice invoked his right to counsel, once when he was read his *Miranda* rights at the scene of his arrest and again when he was read his *Miranda* rights upon his arrival at the station house. Nevertheless, the defendant was briefly interrogated without the presence of an attorney soon after he had arrived at the station. Two hours later, at approximately 2:00 A.M. and again without an attorney being present, the defendant was questioned after being read his *Miranda* rights for a third time. During the course of this 30-minute interrogation, which proceeded after the defendant had changed his mind and decided to answer questions without the presence of an attorney, he made inculpatory statements which were admitted into evidence upon the determination of the hearing court. This was error.

As recently confirmed by the Court of Appeals in *People v Gamble* (70 NY2d 885, 886, quoting *People v Carmine A.,* 53 NY2d 816, 818), an individual invokes his right to counsel by his negative response when asked whether he was " 'willing to answer questions without an attorney present' ". Once invoked, the police become "duty bound not to question [the] defendant without first scrupulously honoring his right to counsel" *(People v Dean,* 47 NY2d 967, 968). "[O]nce a defendant in custody invokes his right to counsel, all of the guarantees implicit in that right are brought into play, and a subsequent waiver of rights outside the presence of counsel cannot be given legal effect" *(People v Cunningham,* 49 NY2d

203, 210). In *People v Cunningham (supra,* at 205), the Court of Appeals expressly held that "once a suspect in custody requests the assistance of counsel, he may not be questioned further in the absence of an attorney", intending "to make it clear that an uncounseled waiver of a constitutional right will not be deemed voluntary if it is made after the right to counsel has been invoked".

The introduction of the statements at trial in the case at bar cannot be regarded as harmless beyond a reasonable doubt *(cf., People v Flecha,* 60 NY2d 766).

It was also error, as conceded by the People, for the trial court to allow an officer to give testimony that bolstered a witness's out-of-court identification of the defendant *(see, People v Trowbridge,* 305 NY 471). Accordingly, a new trial is required. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.