■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GREEN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 8, 1986, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Assuming, without deciding, that the defendant's *Payton* and *Dunaway* claims *(see,* US Const 4th, 14th, Amends; *Payton v New York,* 445 US 573; *Dunaway v New York,* 442 US 200) are properly before us despite his failure to raise these issues in his omnibus motion *(cf.,* CPL 710.60 [1]; *People v Gomez,* 67 NY2d 843; *People v Pavesi,* 144 AD2d 392; *People v Jordan,* 122 AD2d 224), we conclude that the defendant was not entitled to suppression of his statement. The evidence produced at the hearing held in connection with the defendant's motion establishes that his arrest was based upon a prior photographic identification by a witness to his crime so that probable cause unquestionably existed *(see, People v Brewster,* 100 AD2d 134, *affd* 63 NY2d 419; *People v Palacio,* 121 AD2d 282; *People v Rhodes,* 111 AD2d 194). The evidence further establishes that the defendant consented to the police entry into his apartment *(see, People v Dubois,* 140 AD2d 619; *People v Davis,* 120 AD2d 606; *People v Taylor,* 111 AD2d 520). Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.