■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES RAMOS, Appellant.—Judgment, Supreme Court, New York County (Frank J. Blangiardo, J., at hearing, plea and sentence), rendered November 19, 1987, which convicted defendant, upon his plea of guilty, of attempted robbery in the second degree and sentenced him, as a violent predicate felony offender, to 2½ to 5 years, unanimously affirmed.

On December 5, 1989 this court found that defendant had not waived his right to appeal from the judgment of conviction, rendered upon his plea of guilty, and held defendant's appeal in abeyance pending receipt of the People's brief addressing the correctness of the hearing court's orders denying his motions to suppress his lineup identification and statements he made to the police. These issues are now before us for determination.

Defendant was permitted to choose his place and number in the lineup. All the participants except one had a mustache and beard, as did the defendant. While defendant was the only participant who wore a leather jacket, a situation which should have been avoided, the robbery complainant testified that he paid no attention to the defendant's clothes in the lineup, but rather "picked the person out himself by face."

As to the police officer's remark to the complainant that a suspect was in custody, that does not automatically contaminate the lineup identification (People v Rodriguez, 64 NY2d 738, 740). When a complainant is brought to a police station to view a lineup, it is implicit that the lineup will contain at least one suspect, otherwise there would be no point whatever in conducting the lineup.

Regarding defendant's argument that his oral statements should have been suppressed because he was under the influence of drugs, and because he was not asked to sign the police transcription of the statements, those claims were not raised

below and so are not preserved for review *(People v Tutt,* 38 NY2d 1011). Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Smith, JJ.