■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVAN HIGGINS, Appellant.—Judgment, Supreme Court, New York County (Jacqueline Silbermann, J., at *Dunaway/Wade/Huntley* hearing, jury trial and sentence), rendered April 27, 1986, convicting defendant of robbery in the first degree and grand larceny in the second degree, and sentencing him as a second violent felony offender to concurrent, indeterminate terms of imprisonment of from twelve and one-half to twenty five years and three and one-half to seven years, respectively, unanimously affirmed.

Defendant's conviction arises out of his arrest for the gunpoint robbery of the complainant as she parked her car on a Manhattan street on the evening of July 31, 1985. Defendant stole the automobile, jewelry, cash and other personal property, for which the complainant testified she had paid well over $2,000.

Defendant's claim of lack of probable cause for his arrest is without merit. Following a specific investigative lead provided by an identified citizen, defendant voluntarily agreed to provide the police with a photograph of himself to be included in a photo array. The complainant's subsequent identification of defendant in that array as the robber provided ample probable cause for defendant's arrest. *(See, e.g., People v Palacio,* 121 AD2d 282.)* As the hearing court found, there is nothing in the record to indicate that the photo array was in any way unduly suggestive.

Likewise without merit is defendant's claim that the People failed to comply with the provisions of Penal Law § 450.10, regarding an appropriate opportunity for defendant to view the recovered automobile before its release to the owner. The record indicates clearly that the vehicle had been recovered and released in another borough in connection with an unre-

lated crime not involving defendant, prior to defendant's arrest for the crimes charged herein. Since the automobile was not in police custody at the time of defendant's arrest, nor indeed, even when he became the prime suspect, no statutory duty existed with respect to defendant. *(See,* Penal Law § 450.10; *see also, People v Angelo,* 93 AD2d 264.) Additionally, defendant has failed to show actual prejudice in this case by the release of the vehicle. *(See, e.g., People v Cruz,* 99 AD2d 406.)

Unpreserved and, in any event, without merit is defendant's further claim that his conviction must be reversed because the People failed to preserve for trial a photo array (and any contemporaneous notes) from which the complainant had previously chosen, by general characteristics, another individual's photo. Initially, defendant has failed to show how that array would constitute exculpatory material *(Brady v Maryland,* 373 US 83), how any notes regarding that array would be relevant to the central issues at trial *(see, e.g., People v Haupt,* 71 NY2d 929), and how he was prejudiced by the People's failure to produce that array at trial *(see, e.g., People v Valentine,* 160 AD2d 325). Significantly, the issue of identification, including the complainant's prior selection of the photos of two other individuals based upon their general features, was fully presented and explored both at the pretrial hearing and at trial. Indeed, the People offered overwhelming evidence of defendant's guilt of the gunpoint robbery and theft of the automobile, gold and diamond jewelry, cash and other personal property. There was also evidence that defendant's fingerprints had been found on the stolen vehicle and of the discovery by the complainant of defendant's watch (inscribed with his name) in the recovered and returned vehicle. Thus, contrary to defendant's claim, the verdict was amply supported by sufficient evidence and was given appropriate weight by the jury. *(See, People v Bleakley,* 69 NY2d 490.)

Finally, defendant's claim of ineffective assistance of counsel with respect to the identification issue is without merit in view of defense counsel's submission of appropriate pre-trial suppression motions (resulting in the suppression of certain statements made by defendant to the police), extensive cross-examination of the People's witnesses in an attempt to show suggestiveness and impropriety with respect to the identification procedures and misidentification, vigorous pursuit of a misidentification defense through defense witnesses and, as requested by defense counsel, an extensive identification

charge. That the defense was unsuccessful is not an indication of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

We have considered, as well, the bolstering point advanced in defendant's *pro se* brief and find that it is unpreserved as a matter of law. Even if we were to consider it in the interest of justice, we would not reverse given the convincing nature of the proof on identification and the absence of any significant probability that defendant would have been acquitted but for the bolstering. *(People v Johnson,* 57 NY2d 969, 970.)

We have considered defendant's other *pro se* argument and find it to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.