tence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the police illegally detained and arrested him. The record reveals that in his omnibus motion the defendant sought a hearing in connection with his application to suppress physical evidence. The trial court, however, summarily denied the foregoing branch of the defendant's omnibus motion upon the ground that the defendant had failed to make sufficient factual allegations to require a hearing.

On appeal, the defendant does not challenge the trial court's summary denial of his motion, but instead, relies upon testimony adduced at trial in arguing that the physical evidence should be suppressed.

Since no suppression hearing was ever conducted, there is no hearing record before us upon which to review the defendant's claims *(cf., People v Dodt,* 61 NY2d 408, 418). Moreover, the trial court's summary denial of the defendant's motion to suppress was proper inasmuch as the defendant's motion papers failed to set forth factual allegations sufficient to warrant a hearing (CPL 710.60 [3]; *People v Reynolds,* 71 NY2d 552, 558; *People v Montalvo,* 182 AD2d 779; *People v Pavesi,* 144 AD2d 392).

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL NIEVES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered November 20, 1990, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the

facts, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities is granted, and the matter is remitted to the County Court, Suffolk County, for further proceedings.

Shortly after midnight on March 21, 1990, the complainant, who was an off-duty New York City police officer, identified the defendant in a photographic array as one of two burglars he had surprised in his home a few hours earlier. The next morning, two police detectives were told to watch the defendant's residence after being advised that he was a suspect in the burglary and that he was possibly armed. No warrant for the defendant's arrest had been issued. At about 10:30 A.M., the detectives saw the defendant walking towards his residence and ordered him to stop. The defendant ignored the order and ran into the house, locking the door, behind him. The detectives pursued the defendant, forced open the door, and arrested him. At the police station, the defendant was advised of the *Miranda* warnings and refused to answer any questions. Approximately three hours after his arrest, the defendant was identified by the complainant in two lineups. Following the lineups, the defendant made an inculpatory statement in response to a question by a detective.

The hearing court determined that the defendant's statement and the lineup identifications were admissible. Considering first the defendant's arguments with respect to the admissibility of his statement, we find that the statement should be suppressed on the ground that it was elicited in violation of his right to counsel. Contrary to the People's contention, this issue may be raised on appeal even though it was not specifically argued in the suppression motion as the factual record is sufficient for our review *(see, People v Kinchen,* 60 NY2d 772; *People v Samuels,* 49 NY2d 218).

The credible evidence elicited at the hearing established that the defendant responded negatively when asked if he was willing to answer questions without an attorney being present, thereby invoking his right to counsel *(see, People v Gamble,* 70 NY2d 885; *People v Carmine A.,* 53 NY2d 816). The defendant could not be questioned thereafter in the absence of counsel *(see, People v Cunningham,* 49 NY2d 203; *People v Esquillin,* 143 AD2d 766), and his statement to the detective must be suppressed unless it was spontaneous *(see, People v Carmine A., supra; People v Bussey,* 127 AD2d 844). The record supports the hearing court's determination that the question asked by the detective was the "functional equivalent" of interrogation,

therefore the defendant's inculpatory reply should have been suppressed.

The defendant contends that evidence that he was identified in the lineups should be suppressed because he was arrested in his residence without a warrant in violation of *Payton v New York* (445 US 573; *see also, People v Harris,* 77 NY2d 434). On appeal, the People do not argue the merits of the defendant's *Payton* claim but contend that this evidence is admissible because the lineups were causally removed from the purported illegality so that any taint was sufficiently attenuated. We need not reach the issue of attenuation as we conclude that the record establishes that the defendant was lawfully arrested.

The police clearly had probable cause to arrest the defendant based on the photographic identification by the complainant. Where probable cause exists, the police are not required to obtain a warrant in order to arrest a suspect in a public place *(see, United States v Watson,* 423 US 411). Moreover, a suspect may not thwart an otherwise proper arrest set in motion in a public place by escaping into his residence *(see, United States v Santana,* 427 US 38; *People v Thomas,* 164 AD2d 874; *People v Lopez,* 134 AD2d 456). Under the exigent circumstances present here *(see, People v Gordon,* 110 AD2d 778, 780), the police did not act improperly in pursuing the defendant into his residence to effect the arrest *(see, People v Lopez, supra).* The fact that the detectives' entry was forcible does not render the arrest improper under the circumstances here *(see, Ker v California,* 374 US 23, 38-41; *People v Floyd,* 26 NY2d 558, 562; *People v De Lago,* 16 NY2d 289, *cert denied* 383 US 963; *People v Gordon, supra; People v McIlwain,* 28 AD2d 711; CPL 140.15 [4]; 120.80 [4], [5]).

Finally, the defendant's contention that the lineup procedure was unduly suggestive and tainted any in-court identification is without merit. There is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance *(see, People v Chipp,* 75 NY2d 327, 336, *cert denied* — US —, 111 S Ct 99; *People v Mason,* 138 AD2d 411; *People v Mattocks,* 133 AD2d 89). The record reveals that the participants in the lineups were similar to the defendant in appearance, and any differences were insufficient to create a substantial likelihood of misidentification *(see, People v Mason, supra).* Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.