■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEDMAN BAPTISTE, Appellant. [608 NYS2d 266] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 21, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence at the

*Dunaway/Wade* hearing supports the hearing court's conclusion that, at the time the police placed the defendant in a lineup, they had probable cause to believe that he had committed a crime based on a prior photographic identification by the complaining witness *(see, People v Higgins,* 178 AD2d 199; *People v Green,* 157 AD2d 745; *People v Palacio,* 121 AD2d 282; *People v Rhodes,* 111 AD2d 194; *People v Brewster,* 100 AD2d 134, *affd* 63 NY2d 419).

Equally without merit is the defendant's contention that the pretrial identification procedures were unduly suggestive. The evidence at the hearing indicates that at the police precinct, the identifying witness was told that her initial selection of a photograph out of a book containing various photographs, was incorrect. Thereafter, the witness selected a photograph of the defendant and stated that he "looks just like him". At the lineup the witness positively identified the defendant. Although it has been held that it is improper to inform a witness of the correctness or incorrectness of his or her pretrial identification *(see, United States v Jarvis,* 560 F2d 494, 500, *cert denied* 435 US 934; *People v Boyce,* 89 AD2d 623, 624), we find that the police procedure employed in this case did not so taint the subsequent lineup identification as to require reversal. Furthermore, the record supports the hearing court's conclusion that the pretrial lineup was not suggestive in any way *(see, People v Adams,* 53 NY2d 241, 249; *People v Gairy,* 116 AD2d 733; *People v Hazelton,* 75 AD2d 694).

The defendant's claim that he appeared much younger than his age of 18 years and that the stand-ins appeared much older is without merit. There is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Rotunno,* 159 AD2d 601; *People v Diaz,* 138 AD2d 728). An examination of the hearing testimony, as well as the lineup photograph, reveals that the lineup stand-ins were similar to the defendant in terms of hair style, facial hair, skin coloring, and dress, precluding the likelihood that the defendant was singled out for identification *(see, Neil v Biggers,* 409 US 188). In any event, the record supports the hearing court's determination of an independent source, and accordingly, the complaining witness's in-court identification of the defendant was properly admitted into evidence *(see, People v Adams, supra,* at 248; *People v Smalls,* 112 AD2d 173).

Viewing the evidence at trial in the light most favorable to

the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. The complaining witness had ample opportunity to observe the defendant at close range and under good lighting conditions *(see, People v Caballero,* 177 AD2d 496). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit *(see, People v Dawson,* 50 NY2d 311). Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.