■ The People of the State of New York, Respondent, v Charles Gelzer, Appellant. [637 NYS2d 764] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 12, 1993, convicting him of robbery in the first degree (six counts), and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the pretrial lineup was not unduly suggestive. There is no requirement that a defendant who participates in a lineup be accompanied by individuals who are nearly identical to him in physical appearance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Starkey,* 222 AD2d 536). To the contrary, the fillers in a lineup need only be reasonably similar to the defendant in appearance *(see, People v Pinckney,* 220 AD2d 539; *People v Sanchez,* 217 AD2d 598). Here, the detective who conducted the lineup testified that the selected fillers were "close in description" to the defendant, and that at least four of the five fillers had "goatee" beards similar to the defendant's beard. Moreover, a photograph of the lineup, introduced into evidence at the hearing, confirms that the lineup participants were seated to minimize any height disparities *(see, People v Pinckney, supra; People v Garcia,* 215 AD2d 584). The record further establishes that the complaining witnesses were seated in separate rooms prior to viewing the lineup, and that they viewed the lineup separately. Under these circumstances, we discern no basis to disturb the hearing court's finding.

We further find that the sentence imposed was neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.