■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL LAWRENCE, Appellant. [662 NYS2d 770] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered October 14, 1994, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in failing to impose a sanction on the People based upon their failure to turn over copies of handwritten notes taken by a detective during his interview of a witness on the day of the murder. At a pretrial hearing the detective testified that these notes were in his car when it was stolen approximately two and one-half years after the crime took place. A trial court must impose an appropriate sanction "[w]here the People fail to exercise due care in preserving *Rosario* material *and the defendant is prejudiced thereby*" *(People v Wallace,* 76 NY2d 953, 955 [emphasis added]; *see also, People v Banch,* 80 NY2d 610, 616; *People v Martinez,* 71 NY2d 937). Here, however, assuming arguendo that the People did not exercise due care in preserving

the notes, the defendant has failed to demonstrate any prejudice as a result of the loss. Accordingly, the trial court did not improvidently exercise its discretion in not imposing a sanction.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.