■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASEEM POINTER, Appellant. [677 NYS2d 582] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Steinhart, J.), rendered August 8, 1995, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a defendant in a lineup need not be surrounded by individuals nearly identical in appearance (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Gelzer, 224 AD2d 443; People v Baptiste, 201 AD2d 659). To the contrary, the fillers in a lineup need only be reasonably similar to the defendant in appearance (see, People v Gelzer, supra; People v Pinckney, 220 AD2d 539). Skin tone is only one of the factors to be considered in deciding "reasonable similarity" (People v Miller, 199 AD2d 422, 423) and differences in skin tone alone will not render a lineup unduly suggestive (see, People v Miller, supra; People v Chipp, supra; People v Henderson, 170 AD2d 532). As the defendant failed to demonstrate that there was a substantial likelihood of misidentification, there is no basis to disturb the hearing court's determination that the lineup procedure was not tainted by suggestiveness (see, People v Singleton, 222 AD2d 719; People v Jacobi, 159 AD2d 308).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.