■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREENE, Appellant. [724 NYS2d 344] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered February 17, 1999, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he sold two packets of cocaine to an undercover police officer is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's *Batson* claim (*see, Batson v Kentucky,* 476 US 79) is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the defendant failed to establish a prima facie case that the prosecutor's peremptory challenges were employed for discriminatory purposes because "minorities" in general do not constitute a cognizable racial group (*see, People v Smith,* 81 NY2d 875; *People v Childress,* 81 NY2d 263; *Batson v Kentucky, supra*; *People v Stiff,* 206 AD2d 235, *lv denied* 85 NY2d 867, *cert denied* 516 US 832; *People v Mathews,* 201 AD2d 588; *People v Walker,* 196 AD2d 516).

The defendant's remaining contention is without merit (*see, People v Rosen,* 96 NY2d 329). Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.