■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COY HUGGINS, Appellant. [739 NYS2d 733] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R.E. Rivera, J.), rendered December 13, 1999, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the pretrial lineup was not unduly suggestive. There is no requirement that a defendant who participates in a lineup be accompanied by individuals who are nearly identical to him (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). Furthermore, photographs of the lineup introduced into evidence at the hearing confirm that the lineup participants were seated so as to minimize any height disparities (*see, People v Wallace,* 261 AD2d 493; *People v Gelzer,* 224 AD2d 443).

The defendant's *Batson* claim (*see, Batson v Kentucky,* 476 US 79) is also without merit. The court erroneously found that the defendant initially established a prima facie case that a prospective juror had been excused for an impermissible reason (*see, People v Allen,* 86 NY2d 101, 109). The defendant based his *Batson* challenge on the premise that the prosecutor impermissibly removed jurors who were "females under the age of 45" or "minority females under the age of 45." Since neither of these classifications constitute a cognizable racial group, the defendant failed to initially establish a prima facie case that the prosecutor's peremptory challenges were employed for discriminatory purposes (*see, People v Smith,* 81 NY2d 875, 876; *People v Greene,* 282 AD2d 757). Moreover, the prosecution advanced sufficient race-neutral explanations for exercising peremptory challenges against the two prospective jurors in question (*see, People v Payne,* 88 NY2d 172, 183; *People v Allen, supra*). The trial court correctly determined that the defendant failed to satisfy his burden of proving that the explanations given by the prosecutor were pretextual (*see, People v Payne, supra; People v White,* 289 AD2d 270; *People v Richie,* 217 AD2d 84; *see generally, Hernandez v New York,* 500 US 352, 364-365).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Ritter, J.P., Smith, Adams and Cozier, JJ., concur.