■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN ANJORIE, Appellant. [752 NYS2d 371] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 30, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in precluding admission of his hospital records which purportedly contain statements indicating that he was assaulted by the police is unpreserved for appellate review (*see* CPL 470.50 [2]; *People v Udzinski,* 146 AD2d 245). In any event, such hearsay statements were inadmissible since they were not relevant to diagnosis or treatment (*see People v Brown,* 262 AD2d 328; *cf. People v Pette,* 251 AD2d 600, 601). Moreover, the hospital records were properly precluded in the absence of the defendant's testimony because their potential for misleading the jury outweighed any probative value they may have had (*see People v Ortiz,* 259 AD2d 271, 272).

The defendant further contends that the trial court erred in

failing to preclude the testimony of both a detective and the defendant's accomplice as a sanction for the loss of *Rosario* material (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) consisting of the detective's handwritten notes of two statements made by the accomplice. This claim is also unpreserved for appellate review, and was, in fact, waived by the defense at trial. In any event, inasmuch as the detective testified that he transcribed the contents of these notes by typing them verbatim into the two DD-5 reports which he prepared, the defendant was not prejudiced by the loss of the notes (*see People v Banch,* 80 NY2d 610; *People v Jones,* 266 AD2d 237; *People v Lawrence,* 239 AD2d 607). Moreover, the trial court elected to give an adverse inference instruction to the jury for the People's alleged *Rosario* violation (*see People v Banch, supra; People v Page,* 240 AD2d 765; *People v Walker,* 235 AD2d 510).

The defendant's remaining contention in his supplemental pro se brief is unpreserved for appellate review. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.