■ The People of the State of New York, Respondent, v Daryl Snyder, Appellant. [758 NYS2d 169] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered September 20, 2000, convicting him of robbery in the first degree (three counts) and robbery in the second degree (four counts), upon a jury verdict, and sentencing him to consecutive determinate terms of 15 years imprisonment on each of the convictions of robbery in the first degree, and determinate terms of 10 years imprisonment on each of the convictions of robbery in the second degree, three to run consecutively with each other and concurrently with the terms of imprisonment imposed on the convictions of robbery in the first degree, and one to run consecutively with the terms of imprisonment imposed on the convictions of robbery in the first

degree and the other three counts of robbery in the second degree. The appeal brings up for review the denial, after a hearing (Blackburne, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony. Justice Rivera has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

There is no merit to the defendant's contention that the lineup was unduly suggestive because there were significant differences in height, age, and weight between the defendant and the other individuals in the lineup. "While due process requires that pretrial identification procedures be fair, there is no requirement that the defendant must be surrounded by fillers who have identical physical characteristics" (*People v Briggs,* 285 AD2d 514 [2001], *lv denied* 98 NY2d 636 [2002]; *see People v Gelzer,* 224 AD2d 443 [1996]). To the contrary, the fillers need only resemble the defendant (*see People v Keller,* 242 AD2d 735 [1997]). The photographs taken of the lineup reflect that the fillers sufficiently resembled the defendant. Accordingly, we decline to disturb the hearing court's conclusion that the lineup was fair and not unduly suggestive (*see People v Prochilo,* 41 NY2d 759 [1977]).

However, the imposition of consecutive sentences in this case was illegal (*see* Penal Law § 70.25; *People v Ramirez,* 89 NY2d 444 [1996]; *People v Laureano,* 87 NY2d 640 [1996]). Under the circumstances of this case, rather than exercising our discretion and modifying the sentences imposed, remittal to the Supreme Court for resentencing is appropriate (*see People v Hill,* 254 AD2d 432 [1998]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Florio, J.P., Adams, Crane and Rivera, JJ., concur.