THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN VILLACRESES, Appellant. [785 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 19, 2003, convicting him of robbery in the first degree, robbery in the second degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that a lineup was unduly suggestive. There is no requirement that a defendant who participates in a lineup be accompanied by individuals who are nearly identical to him (*see People v Chipp,* 75 NY2d 327 [1990], *cert denied* 498 US 833 [1990]). The defendant's contention that there was a height difference between him and the other lineup participants is unpreserved for appellate review (*see* CPL 470.50 [2]), and in any event, photographs of the lineup introduced into evidence at the hearing confirm that the lineup participants were seated so as to minimize any height disparities (*see People v Huggins,* 292 AD2d 543 [2002]). The photographs also demonstrate that the fillers sufficiently resembled the defendant (*see People v Snyder,* 304 AD2d 776 [2003]). Skin tone is only one of the factors to be considered in deciding "reasonable similarity" (*People v Miller,* 199 AD2d 422, 423 [1993]), and differences in skin tone alone will not render a lineup unduly suggestive (*see People v Pointer,* 253 AD2d 500 [1998]).

The defendant further contends that a new trial is warranted because the People failed to turnover *Rosario* material (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) consisting of a police officer's handwritten notes regarding an eyewitness's initial description of the perpetrator. This claim is also unpreserved for appellate review. In any event, there is no reasonable possibility that the nondisclosure materially contributed to the result of the trial (*see* CPL 240.75). The officer testified that he transcribed the contents of these notes onto a so-called DD-5 report (*see People v Anjorie,* 300 AD2d 500 [2002]), and he did not testify regarding the exact description given to him by the eyewitness. Also, another police officer,

the first to arrive at the crime scene, wrote down a description of the perpetrator based on the statements of the eyewitness, and during his summation, the defendant emphasized the differences between that description and the description provided by the eyewitness at trial.

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Aguirre,* 304 AD2d 771 [2003]; *People v O'Connor,* 291 AD2d 573 [2002]; *People v Weekes,* 289 AD2d 599 [2001]; *People v Wells,* 288 AD2d 408 [2001]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 714 [1998]; *People v Satterfield,* 66 NY2d 796, 798-799 [1985]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.