■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY GREEN, Appellant. [789 NYS2d 184]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, J.), rendered March 12, 2002, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to adduce legally sufficient proof of his identity as a robber is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Adames*, 308 AD2d 454 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the identification evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The hearing court properly declined to suppress evidence of the lineup at which the complainant identified the defendant. The defendant's contention that the lineup procedure was unduly suggestive because the fill-ins did not look like him, and that any in-court identification was thereby tainted, is without merit. "There is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance" (*People v Nieves*, 183 AD2d 854, 856 [1992]; *see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Mason*, 138 AD2d 411, 412 [1988]). The participants in the lineup were similar to the defendant in appearance, and any minor differences between them were insufficient to create a substantial likelihood of misidentification (*see People v Nieves, supra; People v Ramos*, 170 AD2d 186 [1991]; *People v Mason, supra*). In addition, the lineup identification was not contami-

nated by a police officer's remark to the complainant that a suspect was in custody. "When a complainant is brought to a police station to view a lineup, it is implicit that the lineup will contain at least one suspect, otherwise there would be no point whatever in conducting the lineup" (*People v Ramos, supra* at 186).

The defendant's arrest was supported by probable cause (*see People v Baptiste,* 201 AD2d 659, 659-660 [1994]; *People v Higgins,* 178 AD2d 199 [1991]; *People v Green,* 157 AD2d 745 [1990]; *People v Palacio,* 121 AD2d 282, 283 [1986]; *People v Rhodes,* 111 AD2d 194 [1985]; *People v Nelson,* 79 AD2d 171, 173-174 [1981], *cert denied sub nom. Usher v New York,* 454 US 869 [1981]). S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.