■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERCREY GRANGER, Appellant. [794 NYS2d 914]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 20, 2003, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress identification testimony. There is no requirement that a defendant in a lineup be surrounded by individuals who are nearly identical to him in appearance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Green,* 14 AD3d 578 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Richards,* 2 AD3d 883 [2003]). Here, the participants in the lineups were similar to the defendant in appearance, and any minor differences between them did not render the lineups impermissibly suggestive or create a substantial likelihood of misidentification (*see People v Green, supra*; *People v Villacreses,* 12 AD3d 624, 625 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Richards, supra*; *People v Nieves,* 183 AD2d 854, 856 [1992]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The remaining contentions raised by the defendant in his supplemental pro se brief are either unpreserved for appellate review or without merit. H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.