■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SUMPTER, Appellant. [810 NYS2d 374]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 2, 2003, convicting him of robbery in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Grosso, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. There is no requirement that a defendant in a lineup be surrounded by individuals who are nearly identical to him in appearance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Green,* 14 AD3d 578 [2005]; *People v Richards,* 2 AD3d 883 [2003]). The participants in the lineup were similar to the defendant in appearance, and any minor differences between them did not render the lineup impermissibly suggestive or create a substantial likelihood of misidentification (*see People v Green, supra; People v Villacreses,* 12 AD3d 624 [2004]; *People v Richards, supra; People v Nieves,* 183 AD2d 854 [1992]).

To the extent that the defendant's claims of ineffective assistance of counsel raised in his supplemental pro se brief involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Campbell,* 6 AD3d 623 [2004]; *People v Aguirre,* 304 AD2d 771 [2003]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the

defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Satterfield,* 66 NY2d 796 [1985]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.