■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WASHINGTON, Appellant. [837 NYS2d 272]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 12, 2005, convicting him of attempted murder in the second degree (two counts), assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's request for a "sequential double-blind" lineup (*People v Torres*, 12 AD3d 539 [2004]; *see People v McLaughlin*, 8 AD3d 146, 147 [2004]; *People v Robinson*, 8 AD3d 95, 96 [2004]).

Furthermore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony regarding the lineup. The defendant's contention regarding disparities in skin color and build are unpreserved for appellate review (*see People v Villacreses*, 12 AD3d 624, 625 [2004]; *People v Saunders*, 306 AD2d 502 [2003]),

although his contention of disparate hair styles was preserved. In any event, the People satisfied their burden of proving that the pretrial lineup identification procedure was not unduly suggestive (*see People v Jackson,* 98 NY2d 555, 558-559 [2002]; *People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). There is no requirement that a defendant "be surrounded by people nearly identical in appearance" (*People v Chipp, supra* at 336). Rather, "the fillers in a lineup need only be reasonably similar to the defendant in appearance" (*People v Gelzer,* 224 AD2d 443, 443 [1996]) so as not to "create a substantial likelihood that the defendant w[ill] be singled out for identification" (*People v Chipp, supra* at 336). The participants in the lineup were reasonably similar to the defendant in appearance, and any disparities between them did not render the lineup impermissibly suggestive or create a substantial likelihood of misidentification (*see People v Bryan,* 228 AD2d 244 [1996]; *People v Pinckney,* 220 AD2d 539 [1995]; *People v Miller,* 199 AD2d 422, 422-423 [1993]; *People v Simmons,* 158 AD2d 950 [1990]). Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.