■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IQBAL BACCHUS, Appellant. [855 NYS2d 619]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered April 11, 2006, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that identification evidence should have been suppressed because the lineup was unduly

suggestive is without merit. The defendant's physical characteristics were sufficiently similar to the other participants in the lineup so as to negate any likelihood that he would be singled out for identification (*see People v Jackson*, 98 NY2d 555, 559 [2002], quoting *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Washington*, 40 AD3d 1136, 1137 [2007]; *People v Davis*, 27 AD3d 761 [2006]; *People v Peterkin*, 27 AD3d 666, 667 [2006]; *People v Gelzer*, 224 AD2d 443 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (*see* Penal Law § 120.05 [1]; § 10.00 [10]; *People v Crawford*, 200 AD2d 683, 684 [1994]; *Matter of Patrick W.*, 166 AD2d 652, 653 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.