SUMMARY ORDER
Petitioner-appellant Ruben Villacreses appeals from a judgment of the District Court denying his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[2] Petitioner contends that his trial attorney failed to request an adverse inference instruction or some other appropriate sanction after the prosecutor could not produce the crime scene notes written by an investigating police officer who testified at trial. See People v. Rosario, 9 N.Y.2d 286, 290-91, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961) (requiring the State to disclose to criminal defendant all recorded statements made by witnesses for the prosecution prior to the start of opening statements); People v. Martinez, 71 N.Y.2d 937, 940, 528 N.Y.S.2d 813, 524 N.E.2d 134 (1988) (authorizing appropriate sanctions for the failure to preserve witness statements). According to petitioner, the failure to request an adverse inference instruction constitutes ineffective assistance of counsel in violation of the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a successful claim of ineffective assistance of counsel must show (1) that counsel’s performance was “deficient,” and (2) that those deficiencies “prejudiced the defense” and “deprive[d] the defendant of a fair trial”). The District Court acknowledged that defense counsel should have requested an adverse inference instruction, and that defense counsel’s performance in this regard was deficient. However, the Court concluded that, in light of all the evidence, an adverse inference instruction would not have changed the verdict. See Villacreses v. Rivera, 485 F.Supp.2d 239, 244-46 (E.D.N.Y.2007). We assume the parties’ familiarity with the underlying facts and the procedural history of this case.
The sole question presented on appeal is whether petitioner was prejudiced by trial counsel’s failure to request an adverse inference instruction or some other sanction under Rosario. See id. (“An instruction would have said, in effect: ‘You may draw an adverse inference from the fact that the prosecution did not offer Detective Beu *305 tel’s notes that such notes would have been harmful to the prosecution’s case, although you are not required to draw such an inference.’ ”). We review a district court’s grant or denial of a writ of habeas corpus de novo and any findings of fact for clear error. Clark v. Perez, 510 F.3d 382, 389 (2d Cir.2008). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), Pub. L. No. 104-132,110 Stat. 1214 (1996) (codified in scattered sections of U.S.C.), a federal court may grant habeas corpus relief on a claim adjudicated on the merits in state court only if the adjudication was (1) “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;” or (2) “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d). See generally Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (“The question under AEDPA is not whether a federal court believes the state court’s determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.”).
In light of the record before us, we cannot say that the state court’s adjudication of petitioner’s claim of ineffective assistance of counsel was contrary to Federal law, involved an unreasonable application of Federal law, or was based an unreasonable determination of the facts.
Accordingly, we AFFIRM the judgment of the District Court substantially for the reasons stated by Judge Cogan in his May 17, 2007 Memorandum Decision and Order. See Villacreses, 485 F.Supp.2d at 244-46.

. In September 2003, a jury convicted petitioner of two counts of robbery and one count of unauthorized use of a vehicle, and acquitted petitioner of two counts of criminal possession of stolen property. Petitioner moved in the trial court to set aside the verdict for several reasons, including ineffective assistance of counsel. The trial court denied the motion in a written order dated December 17, 2003 and the Appellate Division affirmed. See People v. Villacreses, 12 A.D.3d 624, 625, 785 N.Y.S.2d 103 (2d Dep't 2004); Villacreses v. Rivera, 485 F.Supp.2d 239, 241 (E.D.N.Y. 2007).