■ In the Matter of JONATHAN W., a Person Alleged to be a Juvenile Delinquent, Appellant. [2 NYS3d 461]—

Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J., and Monica Drinane, J., at fact-finding proceedings; Monica Drinane, J., at disposition), entered on or about December 20, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree and criminal possession of stolen property in the fifth degree, and upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree, sexual abuse in the first and third degrees, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and placed him on enhanced supervision probation for a period of 18 months, unanimously affirmed, without costs.

Appellant, who was adjudicated a juvenile delinquent based on separate hearings involving separate incidents, challenges the suppression and fact-finding rulings (Roberts, J.) relating to one of the incidents. We find these challenges unavailing.

The court properly denied appellant's suppression motion.

The lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *see also People v Jackson*, 98 NY2d 555, 559 [2002]). Based on our review of a photograph of the lineup, we conclude that the differences in age and facial hair between appellant and the fillers were not so noticeable as to single appellant out. The victim's awareness that the police had a suspect in custody did not render the lineup unduly suggestive (*see e.g. People v Ramos*, 170 AD2d 186, 186 [1st Dept 1991], *lv denied* 78 NY2d 1014 [1991]).

The fact-finding determination challenged on appeal was supported by legally sufficient evidence. Appellant's sexual conduct toward the victim was clearly intended to obtain sexual gratification (*see e.g. Matter of Stephen F.*, 300 AD2d 52 [1st Dept 2002]), and his guilt of criminal possession of stolen property was established under the theory of accessorial liability (*see* Penal Law § 20.00) even though only appellant's accomplice actually possessed the stolen phone. The court properly rejected appellant's defense of duress (*see* Penal Law § 40.00), involving an alleged threat of harm that was clearly not imminent (*see e.g. People v Moreno*, 58 AD3d 516, 518 [1st Dept 2009], *lv denied* 12 NY3d 819 [2009]).

Given the seriousness of the appellant's conduct in two separate incidents, the joint disposition was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.