■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. ROSS, Appellant. [613 NYS2d 410] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered May 6, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court instructed the jury on the elements of murder in the second degree and explained and defined "extreme emotional disturbance", an affirmative defense to intentional murder. The court then gave the jury a verdict sheet and instructed it that, should it find the defendant guilty of murder in the second degree, it then must consider the extreme emotional disturbance issue. During deliberation, the jury sent a note which requested the "definitions of charges". The court did not understand this note and asked the jury to be more specific in its request. The jury then sent another note which requested "the charge of murder in the second degree". The court instructed the jury on the elements of intentional murder and denied defense counsel's request that it include the affirmative defense of extreme emotional disturbance in its rereading of the charge of murder in the second degree. The court also instructed the jury that it would provide further instruction upon request. After the jury found the defendant guilty of murder in the second degree, the court polled each juror as to whether the issue of extreme emotional disturbance was considered and each juror responded that it was considered and rejected.

The court must "respond meaningfully" to an inquiry from the jury *(People v Almodovar,* 62 NY2d 126, 131). After reviewing the record, we find that the court responded mean-

ingfully and appropriately to the jury's request *(see, People v Steinberg,* 79 NY2d 673, 684). The jury was evidently satisfied with the court's response to its request as it asked for no further explanation *(see, People v Saltares,* 184 AD2d 740).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, without merit. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.