■ The People of the State of New York, Respondent, v William Klimas, Appellant. [688 NYS2d 164] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 3, 1996, convicting him of attempted burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Fisher, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had reasonable suspicion to detain him for a showup identification in close physical and temporal proximity to the crime (*see, People v Duuvon,* 77 NY2d 541; *People v Lynch,* 254 AD2d 503; *People v Johnson,* 244 AD2d 573).

Furthermore, during deliberations, the jury requested a readback of part of the testimony of the identifying witness and the court properly complied. Given that the jury's request delineated the testimony to be read back, and the court responded accordingly (*see,* CPL 310.30; *People v Steinberg,* 79 NY2d 673, 684; *People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847), together with the fact that the jury did not request further instruction (*see, People v Chase,* 225 AD2d 789, 790), the court's response was meaningful and does not require reversal (*see, People v Lourido,* 70 NY2d 428; *see also, People v Razack,* 196 AD2d 897).

Lastly, the defendant's sentence was not unduly harsh or excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.