■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY MARTIN, Also Known as REALITY MARTIN, Appellant. [895 NYS2d 874]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered April 2, 2008, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, where there was limited seating in the courtroom caused by the presence of many potential jurors, the defendant's right to a public trial (*see* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) was not violated by the Supreme Court's exclusion of the defendant's father from a portion of the first day of voir dire (*see People v Colon*, 71 NY2d 410, 416 [1988], *cert denied* 487 US 1239 [1988]; *People v Gibbons*, 18 AD3d 773 [2005]; *People v Mojica*, 279 AD2d 591, 591-592 [2001]). The case of *Pressley v Georgia* (558 US —, 130 S Ct 721 [2010]), cited by the defendant,

does not require a different result. In *Pressley*, the trial court failed to consider seating alternatives that were apparent in the record, whereas here the record demonstrates that there were no immediate alternatives available to the Supreme Court. The defendant's claim that the Supreme Court excluded his father from voir dire beyond the morning session on the first day is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is based on matter dehors the record (*see People v Smith*, 55 AD3d 639 [2008]).

Contrary to the defendant's contention, the Supreme Court provided a meaningful response to a jury inquiry (*see* CPL 310.30; *People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Malloy*, 55 NY2d 296, 301 [1982], *cert denied* 459 US 847 [1982]; *People v Dombroff*, 44 AD3d 785, 786 [2007]). The jury, presumably satisfied with the response, did not request further explanation (*see People v Deoleo*, 295 AD2d 623 [2002]; *People v Chase*, 225 AD2d 789, 790 [1996]; *People v Ross*, 205 AD2d 646, 647 [1994]). Dillon, J.P., Miller, Eng and Roman, JJ., concur.