Contrary to defendant’s argument, his conviction was based on legally sufficient evidence and was not against the weight of the evidence. The conviction of assault in the second degree required the People to prove beyond a reasonable doubt that the victim suffered a “serious physical injury” (Penal Law § 120.05 [1]), a term that the Penal Law defines as “physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ” (Penal Law § 10.00 [10]). Although the question of whether there was serious physical injury is generally a factual issue for the jury, “there is an objective level . . . below which the question is one of law” (see People v Oquendo, 134 AD2d 203, 203 [1987], lv denied 70 NY2d 959 [1988] [citation omitted] [addressing “impairment of physical condition or substantial pain” under the analogous Penal Law § 10.00 (9)]).
Here, the evidence established that defendant violently assaulted the victim during his rampage in a hospital by punching her in the face several times, breaking her nose, damaging her *408 teeth and causing pain in her jaw that persisted until the trial. She described the pain as a “10 out of 10” shortly after the assault and she was fearful of opening her jaw as wide as possible when she yawned, lest it lock. Thus, she sustained a serious physical injury because she still experienced pain in her jaw while eating, two years after the assault. This constituted “protracted . . . impairment of the function of [a] bodily organ” and “protracted impairment of health” (Penal Law § 10.00 [10]; see also People v Corbin, 90 AD3d 478, 479 [2011], lv denied 19 NY3d 972 [2012]).
We also reject defendant’s challenge to the sufficiency and weight of the evidence supporting his second-degree criminal mischief conviction. The evidence supports a reasonable inference that the damage caused by defendant required the replacement of six glass panes at a total cost in excess of the statutory threshold.
Defendant’s pro se claims are without merit. Concur — Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.