■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVANTE GRANT, Appellant. [6 NYS3d 648]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 18, 2011, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to CPL 310.30, the trial court must give a meaningful response to any jury request "for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case" (CPL

310.30; *see People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *People v Malloy*, 55 NY2d 296, 302 [1982]; *People v Nash*, 83 AD3d 872 [2011]; *People v Robinson*, 78 AD3d 1204 [2010]). "A request for a reading of testimony generally is presumed to include cross-examination which impeaches the testimony to be read back" (*People v Jones*, 297 AD2d 256, 257 [2002] [citation omitted]; *see People v Morris*, 120 AD3d 835 [2014], *lv granted* 24 NY3d 1045 [2014]; *People v Clark*, 108 AD3d 797 [2013]; *People v Lewis*, 262 AD2d 584 [1999]).

Here, contrary to the defendant's contention, the Supreme Court gave a meaningful response to the jury's first written request during deliberations. The portions of the complainant's testimony that were read back to the jury did not all favor the prosecution, but included some testimony favorable to the defendant, which had been emphasized by defense counsel during summation. Although cross-examination testimony was not included, there was no cross-examination testimony relevant to the matters requested by the jury (*cf. People v Lewis*, 262 AD2d at 584), and the defendant did not request that any cross-examination testimony be included in the readback (*cf. People v Clark*, 108 AD3d at 800). Moreover, contrary to the defendant's contention, although the scope of the readback was somewhat broader than the jury's specific request, the readback provided a complete response to the jury's inquiry, and the defendant was not prejudiced by the additional portions (*see People v Garcia*, 56 AD3d 271 [2008]; *People v Perez*, 15 AD3d 284 [2005]). Finally, the jury did not request further readbacks, even though instructed that it could do so, indicating that the jury was satisfied with the Supreme Court's response to its inquiry (*see People v Martin*, 71 AD3d 917 [2010], *revd on other grounds* 16 NY3d 607 [2011]; *People v Deoleo*, 295 AD2d 623 [2002]; *People v Klimas*, 259 AD2d 712 [1999]). Leventhal, J.P., Hall, Austin and Maltese, JJ., concur.