■ The People of the State of New York, Respondent, v Raynodel Hardy, Appellant. [22 NYS3d 128]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered May 24, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (*see* Penal Law § 120.05 [1]). Contrary to the defendant's contention, the evidence was sufficient to establish that the complainant suffered a serious physical injury within the meaning of Penal Law § 10.00 (10) as a result of the beating inflicted by the defendant (*see People v Messam*, 101 AD3d 407, 408 [2012]; *People v Brown*, 57 AD3d 260, 261 [2008]; *People v Hirschhorn*, 231 AD2d 591, 591 [1996]; *People v Crawford*, 200 AD2d 683, 684 [1994]; *Matter of Patrick W.*, 166 AD2d 652, 653 [1990]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant contends that he was deprived of a fair trial by the Supreme Court's admission of certain evidence relating to the complainant selling drugs for a drug dealer in his neighborhood, the friendship between the defendant and that drug dealer, and the drug dealer's belief that the complainant was an informer who caused the police to search the drug dealer's apartment. This contention is without merit. The testimony of the complainant that he had sold drugs for the drug dealer was not evidence of uncharged crimes subject to exclusion under the *Molineux* rule (*People v Molineux*, 168 NY 264 [1901]), since evidence of the complainant's criminality in which the defendant was not involved did not show criminal propensity on the part of the defendant (*see People v Arafet*, 13 NY3d 460, 465 [2009]; *People v Harris*, 117 AD3d 847, 854-855 [2014], *affd* 26 NY3d 1 [2015]). Moreover, under the circumstances of this case, the evidence of the friendship between the defendant and the drug dealer and the drug dealer's belief that the complainant was an informer, was admissible to establish the defendant's motive and to complete the narrative of events surrounding the charged crimes (*see People v Molineux*, 168 NY at 293; *People v Thornton*, 105 AD3d 779, 780 [2013]; *People v Holden*, 82 AD3d 1007, 1008 [2011]).

The defendant's arguments regarding the prosecutor's alleged improper comments during summation are largely

unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, most of the challenged remarks were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Williams*, 123 AD3d 1152, 1152 [2014], *lv granted* 25 NY3d 1173 [2015]). To the extent that any remaining challenged remarks were improper, they were not so egregious as to have deprived the defendant of a fair trial (*see People v Williams*, 123 AD3d at 1152). Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.