■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS HIDALGO, Appellant. [41 NYS3d 47]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Neary, J.), rendered February 11, 2015, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence, including restitution in the sum of $142,304.45.

Ordered that the judgment is modified, on the law, by vacating the provision thereof directing the defendant to pay restitution in the sum of $142,304.45; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

The defendant's contention that the People improperly changed their theory of prosecution from that set forth in the indictment and bill of particulars is without merit. "Proof at trial that varies from the indictment potentially compromises two of the functions of the indictment—notice to the accused and the exclusive power of the Grand Jury to determine the charges. Where defendant's right to fair notice of the charges or his right to have those charges preferred by the Grand Jury rather than by the prosecutor at trial has been violated, reversal is required" (*People v Grega*, 72 NY2d 489, 496 [1988]). Here, in conformance with the indictment and bill of particulars, the County Court charged the jury on the law concerning larceny in the second degree by acquisition of lost property (*see* Penal Law §§ 155.40 [1]; 155.05 [2] [b]). Furthermore, contrary to the defendant's contention, no new theory was introduced at

trial which was inconsistent with that contained in the indictment and bill of particulars.

The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, as the People correctly concede, since the defendant requested a hearing on the proper amount of restitution, the County Court erred failing to hold such a hearing (*see* Penal Law § 60.27 [2]; *People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]; *People v Consalvo*, 89 NY2d 140, 144 [1996]). The matter must therefore be remitted to the County Court, Westchester County, for a hearing to determine the amount of restitution and the manner of payment thereof.

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.