THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOSEPH, Appellant. [44 NYS3d 115]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered August 19, 2010, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The photos in the photo array depicted people who were sufficiently similar to the defendant in appearance so that there was little likelihood that the defendant would be singled out for identification based on particular characteristics (*see People v Lago*, 60 AD3d 784, 785 [2009]; *People v Ragunauth*, 24 AD3d 472 [2005]; *People v Galletti*, 239 AD2d 598 [1997]). There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (*see People v Chipp*, 75 NY2d 327, 336 [1990]; *People v Ragunauth*, 24 AD3d at 473, *People v Granger*, 18 AD3d 774 [2005]; *People v Green*, 14 AD3d 578 [2005]). The alleged variations in appearance between the defendant and fillers in the lineup were not so substantial as to render the procedure impermissibly suggestive (*see People v Granger*, 18 AD3d 774 [2005]; *People v Green*, 14 AD3d 578 [2005]).

The Supreme Court correctly denied the defendant's request to charge the lesser included offense of manslaughter in the second degree. There was no reasonable view of the evidence, looked at in the light most favorable to the defendant, that would support a finding that he acted recklessly, rather than intentionally, in causing the victim's death (*see People v Rivera*, 23 NY3d 112, 121 [2014]; *People v Valentin*, 118 AD3d 823 [2014]; *People v Greene*, 87 AD3d 551 [2011]; *People v Jackson*, 202 AD2d 518 [1994]).

The prosecutor's questions and comments, even if improper, were not so egregious as to have deprived the defendant of a fair trial (*see People v Hardy*, 134 AD3d 955, 957; *People v Quezada*, 116 AD3d 796, 797 [2014]; *People v Hernandez*, 11 AD3d 479 [2004]). Any prejudice resulting from the prosecutor's reference to the defendant's gang membership was alleviated by the Supreme Court's curative instruction (*see People v Hernandez*, 11 AD3d 479 [2004]).

In his pro se supplemental brief, the defendant challenges the Supreme Court's response to the jury's request for a readback of certain testimony. Pursuant to CPL 310.30, the trial court must respond meaningfully to any jury request or inquiry (*see People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301 [1982]; *People v Miller*, 6 NY2d 152, 156 [1959]; *People v Grant*, 127 AD3d 990, 991 [2015]). Here, contrary to the defendant's contention, the Court gave a meaningful response to the jury's request for a readback of the testimony of a prosecution witness (*see People v Grant*, 127 AD3d at 991).

There is no merit to the defendant's further contention in his pro se supplemental brief that defense counsel's failure to request a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]) upon a prosecution witness's change in testimony constituted ineffective assistance of counsel, as a *Sirois* hearing was not relevant to the circumstances of this case. A *Sirois* hearing is a tool used by the prosecution " 'to determine whether the defendant has procured a witness's absence or unavailability through his [or her] own misconduct, and thereby forfeited any hearsay or Confrontation Clause objections to admitting the witness's out-of-court statements' " (*People v McCune*, 98 AD3d 631, 631 [2012], quoting *Cotto v Herbert*, 331 F3d 217, 225-226 [2d Cir 2003]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.