People v Oliver (2021 NY Slip Op 02548)





People v Oliver


2021 NY Slip Op 02548


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-00585
 (Ind. No. 2384/11)

[*1]The People of the State of New York, respondent,
v
Kysheen Oliver, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered December 17, 2014, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of manslaughter in the second degree in connection with the death of his girlfriend's 17-month old foster son (hereinafter the child). On the date of the incident, the child had been left in the defendant's care, while the defendant's girlfriend took her other children to school. According to the defendant's girlfriend, after she returned home, she observed the child unresponsive and lying in his own vomit. The child was transported to a hospital, where he was diagnosed with multiple rib fractures and massive internal bleeding from recent, severe trauma. The child died from his injuries soon after.
Contrary to the defendant's contention, the Supreme Court properly admitted, as adoptive admissions, recordings of telephone calls the defendant made to his cousin, while the defendant was incarcerated. "An adoptive admission occurs 'when a party acknowledges and assents to something already uttered by another person, which thus becomes effectively the party's own admission'" (People v Vining, 28 NY3d 686, 690, quoting People v Campney, 94 NY2d 307, 311 [internal quotation marks and emphasis omitted]). Here, the defendant clearly assented to his cousin's assertions that the defendant struck the child by accident and had not meant to harm the child (see People v Vining, 28 NY3d at 690; People v Morales, 176 AD3d 1235, 1236).
The defendant was not denied his constitutional right to present a defense. "'[T]he right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence'" (People v Jin Cheng Lin, 26 NY3d 701, 727, quoting People v Hayes, 17 NY3d 46, 53). "'There must be a proper foundation laid for the introduction of prior inconsistent statements of a witness. In order to prevent surprise and give the witness the first opportunity to explain any apparent inconsistency between his or her testimony at trial and his or her previous statements, he or she must first be questioned as to the time, place and substance of the prior statement'" (People v Haywood, 124 AD3d 798, 799, quoting People v Duncan, 46 NY2d 74, 80-81). Here, the Supreme [*2]Court properly precluded the defendant from testifying as to statements allegedly made to him by his girlfriend, as the defendant failed to lay a proper foundation for the introduction of those alleged prior inconsistent statements (see People v Laufer, 187 AD3d 1052, 1054; People v Robertson, 172 AD3d 1239, 1239).
The defendant's contention that he was deprived of a fair trial when the Supreme Court admitted into evidence a photograph of the child is without merit. "'Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant'" (People v Smith, 163 AD3d 1005, 1005-1006, quoting People v Mairs, 157 AD3d 818, 819). "Such evidence is properly admissible 'if it tends to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered'" (id. at 1006, quoting People v Pobliner, 32 NY2d 356, 369). When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photograph outweighs any prejudice to the defendant (see People v Stevens, 76 NY2d 833, 835-836). Here, the photograph at issue was relevant to a material issue in the case, and the court providently exercised its discretion in admitting it into evidence (see People v Smith, 163 AD3d at 1006; People v Mairs, 157 AD3d at 819; People v Texidor, 123 AD3d 746, 747). Contrary to the defendant's contentions, the photograph was not so inflammatory as to deprive him of a fair trial.
The defendant's contention that the prosecutor made improper remarks during summation is largely unpreserved for appellate review (see CPL 470.05[2]; People v Cunningham, 171 AD3d 1207, 1208). In any event, most of challenged remarks were within the broad bounds of permissible rhetorical comment, fair comment on the evidence, or did not prejudice the defendant (see People v Galloway, 54 NY2d 396, 399; People v Alman, 185 AD3d 714, 714; People v Williams, 176 AD3d 1122). To the extent that certain of the prosecutor's remarks were improper, including those which, among other things, denigrated the defense and could have been intended to evoke the jury's sympathy (see People v Dixon, 184 AD3d 854; People v Cunningham, 171 AD3d at 1208), under the circumstances of this case, the defendant was not deprived of a fair trial by the prosecutor's remarks.
The defendant was provided with the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contentions are unpreserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court