*Joseph v. Kirkpatrick*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-one.

PRESENT:    Dennis Jacobs,
            Steven J. Menashi,
                    *Circuit Judges,*
            John P. Cronan,
                    *District Judge.*[*]

_____

Jeffrey Joseph,

      *Petitioner-Appellant,*

    v.                                                    No. 20-3615-pr

_____

[*] Judge John P. Cronan of the United States District Court for the Southern District of New York, sitting by designation.

Michael Kirkpatrick, Superintendent,
Clinton Correctional Facility, Harold D.
Graham, Superintendent,

*Respondents-Appellees.*

_____

For Petitioner-Appellant:          Stephen N. Dratch, Franzblau Dratch, P.C.,
                                   Livingston, NJ.


For Respondents-Appellees:         Leonard Joblove, Camille O'Hara Gillespie,
                                   and Dmitriy Povazhuk, *for* Eric Gonzalez,
                                   District Attorney, Kings County, Brooklyn,
                                   NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner-Appellant Jeffrey Joseph appeals the order of the district court (Matsumoto, J.), which denied his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Joseph was convicted of first-degree manslaughter in 2010 after a jury trial in the Kings County Supreme Court. Joseph

2

is currently serving a prison sentence of twenty years, to be followed by a term of five years of supervised release. In 2016, his conviction was affirmed by the Appellate Division, Second Department, of the New York State Supreme Court. *People v. Joseph*, 145 A.D.3d 916 (2d Dep't 2016). Joseph exhausted his state-court appeals when his appeal to New York State Court of Appeals was denied. *People v. Joseph*, 29 N.Y.3d 949 (2017).

The U.S. District Court for the Eastern District of New York likewise denied Joseph's petition for habeas relief. *Joseph v. Superintendent*, No. 18-CV-1877, 2020 WL 5645196 (E.D.N.Y. Sept. 22, 2020). On appeal before this court, Joseph argues that his writ of habeas corpus should issue because his constitutional right to a fair trial was violated through prosecutorial misconduct during the direct examination of several witnesses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

We begin with the Appellate Division's review of Joseph's claims. When the Appellate Division affirmed the judgment of the trial court, it concluded that "[t]he prosecutor's questions and comments, even if improper, were not so egregious as to have deprived the defendant of a fair trial." *People*, 145 A.D.3d at 917. That court

3

reasoned that "[a]ny prejudice resulting from the prosecutor's reference to the defendant's gang membership was alleviated by the Supreme Court's curative instruction." *Id.*

In reviewing a habeas petition on appeal, we will defer to a state-court adjudication of an issue on the merits "unless the state court's decision is 'contrary to, or involve[s] an unreasonable application of, clearly established Federal law … [or is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hawthorne v. Schneiderman*, 695 F.3d 192, 196 (2d Cir. 2012) (quoting 28 U.S.C. § 2254(d)).

Joseph's appeal is based on a claim of prosecutorial misconduct, which the parties agree is governed by the "clearly established" federal law announced in *Darden v. Wainwright*, 477 U.S. 168 (1986). The Supreme Court held in *Darden* that prosecutorial misconduct may provide a basis for habeas relief only when the prosecutor's inappropriate comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." 477 U.S. at 181. In analyzing such a claim, the *Darden* Court examined the extent to which the trial court cured the prejudicial statements as well as the "weight of the evidence against petitioner." *Id.* at 182.

Our circuit has focused our *Darden* review to "the sole issue" of "whether it was objectively unreasonable for the [state appellate court] to find that the [prosecutorial] behavior" did not amount to a violation of petitioner's right to due process. *Jackson v. Conway*, 763 F.3d 115, 148 (2d Cir. 2014); *see also Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) ("[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). It is not our task to "determine whether this behavior was inappropriate, unethical, or even erroneous." *Jackson*, 763 F.3d at 148. Federal habeas review is a "narrow" examination of "due process, and not the broad exercise of supervisory power." *Darden*, 477 U.S. at 181.

After applying *Darden* to Joseph's claim of prosecutorial misconduct, the district court concluded that it "cannot find that the state court's determination should be disturbed, as it was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Joseph*, 2020 WL 5645196, at *9 (alteration and internal quotation marks omitted). We review the district court's denial of a petition for a

writ of habeas corpus *de novo*, *Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015), and agree with its conclusion.

## II

The statements of the prosecutor were made in the context of a pretrial ruling that prohibited the prosecution from introducing testimony regarding Joseph's gang affiliation—a ruling that was reiterated in the course of the trial. Despite the order, Assistant District Attorney Kenneth Glasser made statements or elicited testimony that implicated Joseph's gang affiliation. While this behavior was troubling, we do not find the Appellate Division's decision rejecting Joseph's claims of prosecutorial misconduct to be "objectively unreasonable." *Jackson*, 763 F.3d at 148. First, while the prosecutor's questioning of eyewitness Joshua Byrd as to the gang affiliation of spectators in the courtroom risked creating an inference that implicated Joseph's own gang affiliation, the trial court sustained defense counsel's objection to that question. Second, when the prosecutor asked eyewitness Kyle Leslie the same question regarding the courtroom spectators, the judge again sustained defense counsel's objection, and when the prosecutor noted that Leslie may have changed his testimony because he was "in the presence of a whole bunch of Crips," the trial court sustained defense counsel's objection, struck

6

the question, and instructed that the jury disregard the statement. Third, when the prosecutor asked a detective about his uninformed first impression of the case, and the detective speculated that the case "was probably a gang case" because it "originated in the gang bureau," the trial court, without prompting by defense counsel, ordered this testimony stricken from the record.

The task before this court is not to admonish the prosecution's conduct or reassess the trial court's responses to the prosecution's statements, which would entail a "broad exercise of supervisory power." *Darden*, 477 U.S. at 181. Instead, because we are confined to deciding whether the prosecutor's statements, even if inappropriate, "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *id.*, we must conclude that the Appellate Division did not err in finding that the comments did not have such an "egregious" effect as to so "infect" Joseph's trial. Specifically, the Appellate Division concluded that the trial court's curative instructions "alleviated" "[a]ny prejudice," *People*, 145 A.D.3d at 917, such that any introduction of "infect[ious]" prejudice was sufficiently cured as measured against *Darden*, 477 U.S. at 181-82. That conclusion is not "objectively unreasonable," given that each inappropriate statement was addressed by the trial court sustaining defense counsel's objection, striking

7

testimony from the record, or providing the jury an instruction to disregard such testimony.[1]

In addition, the "weight of the evidence against" Joseph was "heavy" enough to "support a finding of guilt" on the evidence presented at trial, *id.* at 182, which included Byrd's eyewitness testimony and the testimony of an undercover police officer whom Joseph told he had a "body" and that he had "shot someone in the chest" after getting "into a fight in [a] park." On the strength of this and other evidence, the Appellate Division did not err when it concluded that the prosecutor's statements "were not so egregious" that Joseph was deprived of his right to due process and accordingly affirmed the trial court's judgment and

---

[1] The trial court acknowledged the potential prejudicial harm to Joseph incurred by the prosecutor's statements in the charge conference when it denied defense counsel's motion for mistrial—based on the reference to "a whole bunch of Crips" present in the courtroom—by concluding that it properly cured the statement and "stopped" the line of questioning before the jury could have drawn any unduly prejudicial "inference." The district court may be correct that "a more emphatic curative instruction would have been appropriate under the circumstances" as to that and other comments, *Joseph*, 2020 WL 5645196, at *8 (citing *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir. 1995)), but we avoid that sort of "broad exercise of supervisory power" here, *Darden*, 477 U.S. at 181. Perhaps strategic and equitable considerations weighed by defense counsel and the trial court cut in the opposite direction: for example, after witnessing the trial first-hand, defense counsel or the trial court may have determined that providing a more emphatic jury instruction would aggravate the prejudice occasioned by the statement by emphasizing it to the jury.

conviction of Joseph for manslaughter in the first degree. *People*, 145 A.D.3d at 917. We hold that the Appellate Division reasonably found that the prosecutor's statements did not deprive Joseph of his due process right to a fair trial.

\* \* \*

We have considered Joseph's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9