People v Abellard (2023 NY Slip Op 00332)

People v Abellard

2023 NY Slip Op 00332

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2018-06345
 (Ind. No. 1850/16)

[*1]The People of the State of New York, respondent,
v
Euzebelin Abellard, appellant.

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane C. Tully, J.), rendered April 10, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree, arising from the shooting of an individual at an illegal gambling parlor in Brooklyn on November 20, 2015.
The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt (see People v Keating, 183 AD3d 595, 596-597; People v Alman, 181 AD3d 694, 694). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial when the Supreme Court admitted into evidence certain autopsy photographs is without merit. "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370; see People v Oliver, 193 AD3d 1081, 1083). Such evidence is properly admissible "if [it] tend[s] to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (People v Pobliner, 32 NY2d at 369). When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the [*2]probative value of the photograph outweighs any prejudice to the defendant (see People v Oliver, 193 AD3d at 1083, citing People v Stevens, 76 NY2d 833, 835-836). Here, the challenged photographs were introduced during the medical examiner's testimony and were relevant to illustrate and corroborate the conclusions of the medical examiner who performed the autopsy as to the location and manner of the shooting, and to prove the defendant's intent (see People v Pobliner, 32 NY2d at 369; People v Upson, 186 AD3d 1270, 1271; People v Wells, 161 AD3d 1200). Moreover, notwithstanding that the defendant did "not contest the cause of death, the People were . . . still required to prove their case beyond a reasonable doubt and present relevant material evidence as to [each] element of the charged crime" (People v McClinton, 180 AD3d 712, 715 [internal quotation marks omitted]). Contrary to the defendant's contentions, the photographs were "not so inflammatory as to deprive him of a fair trial" (People v Oliver, 193 AD3d at 1083; see People v McClinton, 180 AD3d at 714).
The sentence imposed was not excessive (People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court