People v Dubarry (2023 NY Slip Op 01804)

People v Dubarry

2023 NY Slip Op 01804

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2018-03296
 (Ind. No. 3707/08)

[*1]The People of the State of New York, respondent,
v
Darius Dubarry, appellant.

Patricia Pazner, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered February 6, 2018, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's conviction of murder in the second degree arises out of a gunfight on a public street in Brooklyn, during which a bystander was shot and killed. The indictment charged the defendant and a codefendant, inter alia, with depraved indifference murder (Penal Law § 125.25[2]) "by means of engaging in mutual combat with firearms in a public space."
The defendant contends that the Supreme Court erred in admitting into evidence a certain witness's testimony from the defendant's prior trial on the same charges pursuant to Criminal Procedure Law § 670.10(1). This contention is without merit, as the witness's persistent refusal to testify, even after being held in contempt of court and possibly subject to a term of imprisonment, rendered him unavailable within the meaning of the statute (see People v Days, 131 AD3d 972, 975; People v Knowles, 79 AD3d 16; People v Barber, 2 AD3d 1290). Furthermore, defense counsel, who represented the defendant at the prior trial, had the opportunity and the motive to engage in a thorough cross-examination of the witness at the prior trial (see People v Arroyo, 54 NY2d 567, 574; People v Spencer, 219 AD2d 259).
The defendant contends that he was deprived of a fair trial by the prosecutor's questioning of a witness for the People, particularly her question as to whether the witness had been "approached" regarding this case. This contention is unpreserved for appellate review (see CPL 470.05[2]), as the Supreme Court sustained defense counsel's objection to that line of questioning, and counsel did not request any further curative action from the court (see People v Robinson, 195 AD3d 950). In any event, as the jury is presumed to have followed the court's limiting instructions (see People v Morris, 21 NY3d 588, 598), any impropriety in the prosecutor's questions did not deprive the defendant of a fair trial.
The defendant's contention that the Supreme Court failed to properly instruct the jury [*2]in accordance with the indictment is unpreserved for appellate review, as defense counsel did not object to the charge as given (see CPL 470.05[2]; People v Cuevas, 207 AD3d 557, 558; People v Portious, 201 AD3d 820). In any event, examining the context and content of the entire charge (see People v Lewie, 17 NY3d 348, 363), and against the background of the evidence produced at trial (see People v Valentin, 29 NY3d 57, 61), the charge as a whole conveyed the correct legal standards which the jury should apply to the particular facts in arriving at its decision (see People v Ladd, 89 NY2d 893, 895; People v Jeffrey, 164 AD3d 604). Further, the charge as a whole was consistent with the indictment (see People v Grega, 72 NY2d 489, 497; People v Hidalgo, 144 AD3d 704). Accordingly, counsel's failure to request changes to the charge did not constitute ineffective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Gainer, 207 AD3d 745, 747).
The defendant's contention that his conviction is not supported by legally sufficient evidence that he engaged in mutual combat is unpreserved for appellate review, as his motions to dismiss made at the close of the People's case and at the close of the evidence were not sufficiently specific (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree (Penal Law § 125.25[2]) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the evidence here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor during the trial and in summation were improper is partially unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation (see People v Alphonso, 144 AD3d 1168), or otherwise did not deprive the defendant of a fair trial (see People v Oliver, 193 AD3d 1081; People v Singh, 299 AD2d 498). Concomitantly, counsel's failure to fully preserve this contention for appellate review did not deprive the defendant of the effective assistance of counsel (see People v Dixon, 184 AD3d 854).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court