People v Murphy (2023 NY Slip Op 03931)

People v Murphy

2023 NY Slip Op 03931

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-07724
 (Ind. No. 1868/18)

[*1]The People of the State of New York, respondent,
v
Thomas Murphy, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered September 30, 2020, convicting him of aggravated vehicular homicide (two counts), manslaughter in the second degree, assault in the second degree, vehicular assault in the second degree (two counts), assault in the third degree (two counts), and reckless driving, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to controvert a warrant to obtain a blood sample from the defendant and suppress the results of a blood alcohol test.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of multiple crimes relating to his operation of a motor vehicle while intoxicated. At trial, evidence was presented that the defendant drove into a group of Boy Scouts on a hike with their Scout Masters as they were walking on the shoulder of a roadway, causing the death of one of the Boy Scouts and seriously injuring others. After the verdict of guilt was rendered, the defendant moved pursuant to CPL 330.30 to have the verdict set aside on the grounds of jury misconduct and newly discovered evidence. The County Court denied the motion. The defendant was sentenced thereafter. The defendant appeals.
The County Court properly denied those branches of the defendant's omnibus motion which were to controvert a warrant to obtain a blood sample from the defendant and suppress the results of a blood alcohol test on the ground that his blood sample was not obtained in compliance with Vehicle and Traffic Law § 1194(3). Under the circumstances here, the police sufficiently complied with the procedures for obtaining a warrant to compel the defendant to submit to a blood alcohol test under Vehicle and Traffic Law § 1194(3) (see People v Licausi, 122 AD3d 771, 772). Further, the warrant application for the blood alcohol test included the statements of the police officer who responded to the scene of the subject motor vehicle accident that he heard the defendant slurring his words, observed the defendant's eyes to be red, bloodshot, and glassy, witnessed the defendant being unsteady on his feet, and smelled the odor of an alcoholic beverage on the defendant's breath. The warrant application also included the officer's statements that the defendant admitted having consumed alcoholic beverages earlier that day and that the defendant exhibited at least two clues for intoxication upon the officer's administration of the horizontal gaze nystagmus field sobriety test. Those statements were sufficient to meet the requirements of Vehicle and Traffic Law § 1194(3).
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant operated a motor vehicle in a reckless manner while impaired by alcohol when he struck and fatally injured one of the victims and seriously injured others so as to support the convictions of aggravated vehicular homicide and reckless driving (see Penal Law § 125.14[5]; Vehicle and Traffic Law § 1212; People v Sharpe, 185 AD3d 965, 967; People v Musayelyan, 176 AD3d 871). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial when the County Court admitted into evidence certain photographs of the deceased victim is partially unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit. "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370; see People v Oliver, 193 AD3d 1081, 1083). Such evidence is properly admissible "if [it] tend[s] to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (People v Pobliner, 32 NY2d at 369). "When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photograph outweighs any prejudice to the defendant" (People v Oliver, 193 AD3d at 1083; see People v Stevens, 76 NY2d 833, 835-836; People v Abellard, 212 AD3d 842, 843). Here, the photographs of the deceased victim at issue were relevant to a material issue in the case, and the court providently exercised its discretion in admitting them into evidence (see People v Harrison, 212 AD3d 651; People v Ewers, 195 AD3d 857).
The defendant's contention that he was deprived of a fair trial by the admission of purportedly irrelevant and prejudicial testimony from the deceased victim's father and the mother of one of the surviving injured victims is partially unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit. The complained-of testimony was relevant to material issues raised at trial, and was not so prejudicial as to deprive the defendant of a fair trial (see People v Mateo, 2 NY3d at 424-425; People v Sosa-Marquez, 177 AD3d 1003; People v Melendez, 175
AD3d 714, 715).
The defendant's contention that he was deprived of a fair trial as a result of purported prosecutorial misconduct during summation is, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Bragg, 161 AD3d 998). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109; People v Dubarry, 215 AD3d 689, 691).
The defendant's contention that the County Court Judge who presided over his motion to set aside the verdict pursuant to CPL 330.30 should have recused himself is without merit. "Where, as here, no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the conscience and discretion of the justice to decide whether or not to recuse himself" (People v Harris, 133 AD3d 880, 880). Here, there is no evidence in the record to suggest that the County Court Judge was biased, nor is there any basis on which to reasonably question the court's ability to impartially preside over the matter (see People v Gringer, 160 AD3d 660, 661). Accordingly, the County Court Judge did not improvidently exercise his discretion in declining to recuse himself.
The defendant's contention that the County Court should have granted that branch of his motion which was to set aside the verdict on the ground of jury misconduct pursuant to CPL 330.30(2) is without merit. The defendant failed to demonstrate a likelihood of prejudice to a substantial right so as to warrant setting aside the verdict based upon alleged premature deliberations by certain jurors (see People v Torres, 189 AD3d 898, 899; People v Paccione, 295 AD2d 450).
The defendant's contention that the County Court should have granted that branch of his motion which was to set aside the verdict on the ground of newly discovered evidence pursuant to CPL 330.30(3) is without merit, as the defendant failed to establish that the evidence could not have been produced at the trial with due diligence and was of such a character as to create a probability that, had it been received in evidence, the verdict would have been more favorable to the defendant (see CPL 330.30[3]; People v Hicks, 6 NY3d 737, 739; People v Corea, 25 AD3d 563, 564). The newly-discovered evidence proffered by the defendant merely impeached and contradicted former evidence, and thus did not warrant the granting of a new trial (see People v Corea, 25 AD3d at 564; People v Larios, 25 AD3d 569, 570).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court