People v Odozi (2024 NY Slip Op 00200)

People v Odozi

2024 NY Slip Op 00200

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2018-05150
 (Ind. No. 8804/16)

[*1]The People of the State of New York, respondent,
v
Austin Odozi, appellant.

Patricia Pazner, New York, NY (Marissa Reap of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered March 8, 2018, convicting him of aggravated sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial when the Supreme Court admitted into evidence a photograph depicting an injury to the complainant's head is without merit. Generally, "photographs are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered. They should be excluded only if their sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Wood, 79 NY2d 958, 960 [alterations and internal quotation marks omitted]). "When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photograph outweighs any prejudice to the defendant" (People v Oliver, 193 AD3d 1081, 1083; see People v Stevens, 76 NY2d 833, 835). Here, the photograph at issue was relevant to a material issue with respect to counts 13 and 14 of the indictment, and the court providently exercised its discretion in admitting it into evidence (see People v Oliver, 193 AD3d at 1083; People v Smith, 163 AD3d 1005, 1006; People v Mairs, 157 AD3d 818, 819).
The defendant's contention that the Supreme Court erred in providing the jury with the full medical records of the complainant when, during deliberations, the jury requested to view only certain pages thereof is without merit, as the complete records were in evidence (see generally People v Rodriguez, 195 AD3d 1237, 1241; People v Grant, 127 AD3d 990, 991).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]; People v Nealon, 26 NY3d 152, 163; People v Romero, 7 NY3d 911, 912; People v Farmer, 54 AD3d 871, 872), and we decline to review them in the exercise of our interest of justice jurisdiction.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court