People v Dortch (2024 NY Slip Op 03283)

People v Dortch

2024 NY Slip Op 03283

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

372 KA 18-00867

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHESTER DORTCH, DEFENDANT-APPELLANT. 

DAVID M. GIGLIO, UTICA, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 23, 2018. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree, and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), robbery in the second degree (§ 160.10 [2] [a]), and assault in the second degree (§ 120.05 [2]). The conviction arises out of an incident in which the defendant allegedly, inter alia, cut a woman with a knife and forcibly stole property from her while they were seated in a car owned by defendant's girlfriend.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with the defendant that Supreme Court failed to respond meaningfully to a jury note and we therefore reverse the judgment and grant defendant a new trial. A court is required to respond meaningfully to a jury request (see CPL 310.30; People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]). While " '[n]ot every failure to comply with a jury's request for information during deliberation is reversible error,' " reversal is required where the " 'failure to respond seriously prejudice[s] the defendant' " (People v Lourido, 70 NY2d 428, 435 [1987]; see People v Taylor, 26 NY3d 217, 224 [2015]).
Here, the jury submitted a note requesting, inter alia, a readback of testimony from the victim "about the time she was in the car on Glenwood until she was out of the car from both defense and the DA's questions." The court responded to the jury's request by reading back only testimony from the victim on direct examination about the time that she was inside the car. The court did not order the readback of any cross-examination, which included questioning about inconsistencies in the victim's account of the incident, including questions about the victim's earlier statement to the police describing a conversation that she had with defendant outside the car and questions regarding her statement to the police on the day of the incident that the driver of a car attempted to pull her into the car through the window. The court also instructed the jury that only direct examination included questions with respect to the victim being inside the car and, despite the jury's request to hear questioning from both the prosecution and the defense, the court did not request clarification from the jury whether they wanted to hear the defense's cross-examination regarding the incident. A meaningful response to a request for a readback of testimony "is presumed to include cross-examination which impeaches the testimony to be read back" (People v Grant, 127 AD3d 990, 991 [2d Dept 2015], lv denied 26 NY3d 968 [2015] [internal quotation marks omitted]; see People v Sommerville, 159 AD3d 1515, 1516 [4th Dept [*2]2018], lv denied 31 NY3d 1121 [2018]). We conclude that the court's "failure to give the jury necessary information and its inaccurate . . . remarks prejudiced the defense," and that, under the totality of the circumstances in this case, the court abused its discretion "by failing to adequately answer the jurors' note and creating a false impression of the nature of the evidence" (Taylor, 26 NY3d at 227).
We also agree with defendant that the court erred in refusing to conduct a suppression hearing with respect to the search of the vehicle and the seizure of the knife during that search. Initially, we conclude that, as the daily user of the vehicle, defendant has standing to seek suppression of the evidence seized during the search of the vehicle (see generally People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]; People v Banks, 85 NY2d 558, 561-562 [1995]).
Further, we conclude that defendant raised a factual dispute regarding the voluntariness of the consent to search the vehicle given by the owner of the vehicle, i.e., defendant's girlfriend. "[A] motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point" (People v Gruden, 42 NY2d 214, 215 [1977]). A suppression motion my be summarily denied "if [the] defendant does not allege a proper legal basis for suppression, or (with two exceptions) if the 'sworn allegations of fact do not as a matter of law support the ground alleged' " (People v Mendoza, 82 NY2d 415, 421 [1993], quoting CPL 710.60 [3] [b]). "[T]he sufficiency of [the] defendant's factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) [the] defendant's access to information" (id. at 426).
Here, defendant's factual submissions, which included body camera footage capturing a conversation between police officers where they allegedly discuss their intent to threaten to seize the vehicle from defendant's girlfriend in order to attempt to obtain her consent to search the vehicle, and allegations that, after the girlfriend purportedly consented to a search of the vehicle, she nevertheless attempted to move the knife out of plain view before the vehicle was searched, are sufficient to warrant a hearing to determine whether the girlfriend's consent to search "was induced by overbearing official conduct and was not a free exercise of the will" (People v Gonzalez, 39 NY2d 122, 130 [1976]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court