People v Xavier (2025 NY Slip Op 06087)

People v Xavier

2025 NY Slip Op 06087

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
DONNA-MARIE E. GOLIA, JJ.

2022-08012
 (Ind. No. 635/19)

[*1]The People of the State of New York, respondent,
v
Lucas Xavier, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 6, 2022, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of rape in the third degree (Penal Law former § 130.25[3]) beyond a reasonable doubt. From the evidence presented, a jury could logically conclude that the victim, by her words and actions, clearly expressed her unwillingness to engage in sexual intercourse, in such a way that a neutral observer would have understood that she was not consenting to sexual intercourse with the defendant (see Penal Law § 130.05[2][d]; People v Smith, 174 AD3d 825, 826; People v Powell, 128 AD3d 1174, 1176; People v Evans, 79 AD3d 454). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to rape in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court gave a meaningful response to the jury's written request during deliberations for a read back of certain testimony from the victim. Although the court directed a read back of testimony that was somewhat broader than the jury's request as expressly stated, the additional information was consistent with the jury's request and provided a complete answer to the jury's inquiry (see People v Grant, 127 AD3d 990, 991; People v Garcia, 56 AD3d 271, 272; People v Perez, 15 AD3d 284, 284-285). Furthermore, the defendant was not prejudiced by the additional portions of the read back (see People v Grant, 127 AD3d at 991; People v Perez, 15 AD3d at 284-285).
The sentence imposed was not excessive (see People v Brisman, 43 NY3d 322; [*2]People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court